**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>KAN WEN CHONG,<br><br>    Defendant.<br>_____/ | No. CR 10-00565-9 JSW<br><br>**ORDER IMPOSING SANCTIONS AND ORDER OF REFERRAL TO STANDING COMMITTEE ON PROFESSIONAL CONDUCT AND STATE BAR OF CALIFORNIA** |

This matter came before the Court on October 18, 2010 for a hearing relating to a September 29, 2010 Order to Show Cause directed to defense counsel, Richard Mazer, Esq. ("Mr. Mazer"). The Court has considered the written responses to the Order to Show Cause and has considered the explanations proffered at the hearing on October 18, 2010, and concludes sanctions are warranted. This Order is issued to supplement and memorialize in writing the Court's ruling at the show cause hearing.

On September 22, 2010, the United States appealed Magistrate Judge Laporte's decision to release the above captioned defendant on bond, although at the time the Government filed its appeal, Judge Laporte had not yet signed off on the bond. On September 23, 2010, this Court stayed Laporte's order and set the matter for a hearing on September 29, 2010 at 10:30 a.m. The Court also ordered Defendant to file a response to the Government's appeal brief by no later than September 24, 2010 at 3:00 p.m. (*See* Docket No. 80.) Both the caption of the Order and the docket entry reflect the fact that the Court not only granted the stay but also set a

1 hearing and a briefing schedule. (*See id.*) Further, the electronic receipt for the Order indicates
2 that the Order was sent to Mr. Mazer.

3 When the Court did not receive a brief from the defendant, the undersigned directed his
4 law clerk to contact Mr. Mazer to advise him that if he intended to file an opposition, he would
5 be required to submit a request to file the brief out of time. This Court's law clerk, Kristin, left
6 a voice mail message on Mr. Mazer's office voice mail at approximately 3:40 p.m. on Friday,
7 September 24, 2010, and the law clerk subsequently spoke with the Assistant United States
8 Attorney assigned to the case, Deborah Douglas, to communicate the message that had been left
9 for defense counsel. At the hearing on October 18, 2010, Mr. Mazer stated that he did not
10 receive that message. (Docket No. 98 (Transcript of 10/18/10 Hearing ("Tr.") at 11:2-12:3.)[1]

11 Notwithstanding the Court's phone call, the defendant did not file a brief in response to
12 this Court's September 23, 2010 Order. On September 29, 2010, the Court held the hearing on
13 the Government's appeal, and Mr. Mazer failed to appear. The Court contacted Mr. Mazer's
14 office to ascertain his whereabouts and was advised that he was out of the country. Following
15 the hearing, the Court issued the Order to Show Cause. AUSA Douglas also advised the Court
16 on the record that she had communicated with Mr. Mazer on September 24 regarding the appeal
17 and stated that he mentioned that he would be out of the country on the scheduled hearing date.[2]
18 On that same date, the Court also received several telephone calls from Mr. Mazer's office and
19 from his associate Julie de Almeida, which were described on the record at the October 18
20 hearing, offering explanations for Mr. Mazer's failure to appear. (*See* Tr. at 14:10-18, 15:13-
21 22.)

---

[1] The Court notes that someone in the office must have received the message because AUSA Douglas asserts that Ms. de Almeida advised her that Mr. Mazer spoke with the undersigned's law clerk "Christine." (Docket No. 95 (Declaration of Deborah Douglas ("Douglas Decl."), ¶ 6.) As noted above, this Court's staff did not communicate directly with Mr. Mazer's office until the morning of September 29, 2010 when it attempted to determine why he had not appeared for the hearing.

[2] The Court notes that although it might not have been AUSA's Douglas responsibility to obtain a continuance of the hearing for Mr. Mazer, it would have greatly assisted the Court if she had alerted the Court to Mr. Mazer's whereabouts in advance of the hearing.

2

1    On October 13, 2010, Mr. Mazer submitted his response to the Order to Show Cause
2 and stated that because there were issues with the surety, he did not read the September 23,
3 2010 Order as carefully as he should have.  (Docket No. 90 (Declaration of Richard B. Mazer
4 ("Mazer Decl."), ¶ 2).)  Mr. Mazer further attested that he left the country without realizing that
5 the Court had issued a briefing schedule and had scheduled a hearing on the Government's
6 appeal.  (*Id.*, ¶ 3.)  At the hearing, Mr. Mazer explained that he assumed the Court had entered
7 the Government's proposed order without modifying it and that he did not pay close enough
8 attention to the filing.  (Tr. at 9:8-19.)
9    On October 14, 2010, Mr. Mazer supplemented his response to the Order to Show
10 Cause, apparently in response to a telephone call from AUSA Douglas, to discuss his
11 communications with her on September 24, 2010.  (*See* Docket No. 92 (Supplemental
12 Declaration of Richard B. Mazer ("Mazer Supp. Decl."), ¶ 1; Douglas Decl., ¶¶ 4, 7-8).)  In his
13 supplemental declaration, Mr. Mazer states that he asked AUSA Douglas to contact Ms.
14 Almeida to discuss hearing dates, that AUSA Douglas refused this request and asked him to
15 have Ms. Almeida contact her.  (Mazer Supp. Decl., ¶ 1.)  Mr. Mazer maintained that he was
16 not aware that a briefing schedule had been established.  (*Id.*)  Ms. Almeida also submitted a
17 response to the Order to Show Cause in which she stated that she was under the impression that
18 she was supposed to call AUSA Douglas to coordinate a hearing date and that she was unaware
19 that a briefing schedule had been issued.[3]  (Docket No. 93 (Declaration of Julie de Almeida ("de
20 Almeida Decl."), ¶¶ 2-3).)
21    As the Court stated at the hearing, it finds that Mr. Mazer violated this Court's Order
22 dated September 23, 2010 by failing to respond to the Government's appeal by 3:00 p.m. on
23 September 23, 2010.  The Court also finds that he violated that Order by failing to appear for
24 the hearing set for September 29, 2010.  Furthermore, as the Court previously stated, it finds

---

[3] Ms. de Almeida's declaration conflicts with the voicemail message she left for this Court, in which she suggested that Mr. Mazer advised her that he had called this Court's chambers and had the matter taken off calendar because of a conflict in her schedule.  At the hearing, Ms. de Almeida denied that Mr. Mazer had made this statement to her and Mr. Mazer denied that he made those statements to Ms. de Almeida.  (*See* Tr. at 14:10-15:6, 19:1-21:5.)

3

United States District Court
For the Northern District of California

1  Mr. Mazer's varied explanations for his failure to file a brief and to appear at the hearing to be
2  lacking in credibility or made with reckless disregard of the truth. (*See, e.g.,* Tr. at 25:15-27:7,
3  29:13-23.) The Court is also concerned that Mr. Mazer failed to mention what it considers to be
4  a material conversation with AUSA Douglas in his original declaration and that he did not
5  reference this conversation until after he was prompted to do so by AUSA Douglas. The Court
6  considers that omission to indicate a lack of candor or, at the very least, a further act of reckless
7  indifference to Mr. Mazer's obligations as an attorney. (*Id.* at 27:8-28:18.)

8  Finally, as noted on the record at the hearing, the defendant attempted several times to
9  communicate directly with the Court and, in an emotional display, dropped to his knees at the
10 conclusion of the hearing, a fact that the Government has attempted to use against him in
11 opposing his release. Thus, Mr. Mazer's failure to appear caused prejudice to his client. (*Id.* at
12 29:24-30:21.)

13 For these reasons, the Court concludes that Mr. Mazer has flouted the Court's authority,
14 made a mockery of this Court's order, prejudiced the defendant, and otherwise acted against the
15 efficient administration of justice. Accordingly, the Court imposes sanctions as follows:

16 1.  Mr. Mazer shall be sanctioned in the amount of $1,000, which shall be paid to
17 the Clerk of the Court by no later than October 28, 2010.

18 2.  The Court HEREBY REFERS this matter to the Court's Standing Committee on
19 Professional Conduct for a further investigation and any disciplinary action the Committee
20 deems to be warranted.

21 3.  Mr. Mazer shall self-report to the State Bar of California regarding the violations
22 of this Court's Orders and the $1,000 sanction imposed, for purposes of determining whether
23 counsel has violated provisions of California Rules of Professional Conduct and the State Bar
24 Act by no later than October 28, 2010. Mr. Mazer shall certify to this Court by no later than
25 //
26 //
27 //
28 //

4

November 1, 2010, that he has complied with this Order.

**IT IS SO ORDERED.**

Dated: October 20, 2010

                                        JEFFREY S. WHITE
                                        UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California