|   |   |
|---|---|
| 1 | MELINDA HAAG (CABN 132612)<br>United States Attorney |
| 2 | |
| 3 | MIRANDA KANE (CABN 150630)<br>Chief, Criminal Division |
| 4 | DEBORAH R. DOUGLAS (NYBN 2099372)<br>Assistant United States Attorney |

MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

DEBORAH R. DOUGLAS (NYBN 2099372)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7234
    Email: deborah.r.douglas@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KAN WEN CHONG, aka Kenny,<br><br>    Defendant.<br>_____ | No. CR 10-0565-9 JSW<br><br>**ORDER OF COMMITMENT AND EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT** |

    In a report dated July 25, 2011, Dr. Eddie Chiu, Ph.D., a clinical psychologist selected by the defense lawyer, concluded that defendant has a Major Depressive Disorder and an Anxiety Disorder. Dr. Chiu questioned defendant's abilities to understand and be cooperative in the trial process, and to assist his attorney in his defense.

    On October 14, 2011, this Court ordered that a licensed and impartial psychiatrist or psychologist selected by Pretrial Services examine defendant Kan Wen Chong ("defendant") to determine whether he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. In her report dated November 21, 2011,

*Order of Competency*
*U.S. v. Kan Wen Chong, CR 10-0565-9 JSW*         4

1  Dr. Anna Glezer, M.D., a neutrally-selected psychiatrist from the Department of Psychiatry, University of California, San Francisco, determined that the defendant suffers from a Major Depressive Disorder with Psychotic Features and that he does not understand the nature of the proceedings against him. Dr. Glezer concluded that the defendant is not currently mentally competent to stand trial. This Court scheduled a competency hearing for April 17, 2012.

On April 13, 2012, this Court re-scheduled the competency hearing to May 31, 2012 to permit re-evaluations of the defendant by psychologist Eddie Chiu, Ph.D., and psychiatrist Dr. Anna Glezer, M.D., as recommended by the parties. After their respective re-evaluations, Dr. Glezer and Dr. Chiu reached the same conclusion that the defendant is not currently mentally competent to stand trial.

On May 31, 2012, a hearing was conducted pursuant to 18 U.S.C. § 4241(d) with the defendant and the counsel for both parties present. At the hearing, Dr. Glezer and Dr. Chiu testified that the defendant is not currently mentally competent to stand trial. Dr. Glezer's reports dated November 21, 2011 and May 18, 2012, as well as Dr. Chiu's reports dated July 25, 2011 and April 30, 2012, were admitted into evidence. The government supported the conclusion of Dr. Glezer and Dr. Chiu that defendant is currently mentally incompetent. Defendant requested an alternative to an order committing him to the custody of the Attorney General for treatment in a Bureau of Prison's competency restoration facility. After full consideration of the evidence, this Court found by a preponderance of the evidence that "the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" 18 U.S.C. § 4241(d). The defendant was remanded to the custody of the Attorney General through the United States Marshal Service pursuant to 18 U.S.C. § 4241(d). This Court excluded time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), from the date of the hearing on May 31, 2012 to the date of this Court's final determination on the issue of defendant's mental competency following restoration treatment under 18 U.S.C. § 4241.

*Order of Competency*
*U.S. v. Kan Wen Chong, CR 10-0565-9 JSW*          5

**IT IS ORDERED** as follows:

1. Pursuant to 18 U.S.C. § 4241(d), the defendant is committed to the custody of the Attorney General for placement in a suitable facility "for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1). If the Attorney General, through the Bureau of Prisons, determines that "an additional reasonable period of time" beyond the four-month period is required to complete the competency restoration treatment pursuant to 18 U.S.C. § 4241(d)(2), such application must be approved by this Court.

2. A status conference is set for September 27, 2012 at 2 p.m. before this Court to consider the issue of defendant's restorability. If the Attorney General, through the Bureau of Prisons, cannot complete the competency restoration treatment by September 27, 2012, the attorneys for the parties shall file a stipulation continuing the status conference to a date within the period of time authorized by this Court for completion of such treatment. At the status conference, it will be determined whether:

    a) It is agreed that the defendant has been restored to competence and can proceed with defending this case; or

    b) To hold an evidentiary hearing pursuant to 18 U.S.C. § 4241(e) to determine defendant's competency to stand trial.

**IT IS FURTHER ORDERED** that the attorney for the United States shall provide a copy of the aforementioned reports prepared by psychiatrist Dr. Anna Glezer, M.D., and psychologist Eddie Chiu, Ph.D., to the Bureau of Prisons in connection with defendant's placement under 18 U.S.C. § 4241(d).

*Order of Competency*
*U.S. v. Kan Wen Chong, CR 10-0565-9 JSW*     6

1   **IT IS FURTHER ORDERED** that the Clerk of the Court shall deliver a certified copy of this Order to the United States Marshal Service and said copy shall serve as the commitment order for the defendant.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide a certified copy of this Order to Richard B. Mazer, attorney for the defendant, 99 Divisadero Street, San Francisco, CA 94117, and to Assistant United States Attorney Deborah R. Douglas, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102.

**IT IS FURTHER ORDERED** that the time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), shall continue to be excluded from the date of the hearing on May 31, 2012 to the date of this Court's final determination on the issue of defendant's mental competency following restoration treatment pursuant to 18 U.S.C. § 4241.

**IT IS FURTHER ORDERED that the parties shall submit a joint status report by no later than September 20, 2012.**

**IT IS SO ORDERED.**

Dated: June __4__, 2012

_____
HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

*Order of Competency*
*U.S. v. Kan Wen Chong, CR 10-0565-9 JSW*            7