# UNITED STATES DISTRICT COURT
## Northern District of California
### San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-0565 JSW (LB) |
| Plaintiff, | ORDER |
| v. | |
| KAN WEN CHONG, | |
| Defendant. | |

The district court referred this matter to the undersigned for an evaluation under the Bail Reform Act, 18 U.S.C. § 3142. The court held hearings on March 13, 2013, and March 14, 2013. This order addresses two points: (1) the effective date of the release; and (2) the release determination.

*First*, at the March 14 hearing, with the agreement of the defense, the court ordered that its order setting conditions would not take effect until after the district court considers the government's brief on the interplay of the Bail Reform Act and the competency statutes, 18 U.S.C. §§ 4241 and 4246. The defense agreed, and the undersigned observes, that this moots the government's request for a stay of this court's release order. *See* Government's Appeal of Release Order, ECF No. 459. With the agreement of the parties, the undersigned will not file the order setting conditions until (A) the government has filed its brief before the district court on March 18, 2013, and (B) the district court issues an order authorizing the undersigned to issue the bond form. This will allow full briefing of the parties' statutory arguments and also provides some space for the parties to consider their options.

CR 10-0565 JSW (LB)

*Second*, the court authorized release -- with the full approval of Pretrial Services -- on the same conditions that Judge Laporte previously authorized[1] except that the court (A) removed the electronic monitoring condition at Pretrial Services' request and (B) added -- at Mr. Chong's request -- the condition that he take his medication. He promised to do so in court. The court did a full surety advisement given that Mr. Chong spent 10 months at Butner in a custodial setting. (One more surety still needs to appear and be advised of the new conditions.) The bond is attached as an exhibit.

At the hearing on March 13, 2013, the government made two arguments: (A) there is no authority to release someone under the Bail Reform Act when there is a pending competency hearing, and (B) Mr. Chong should not be released under the Bail Reform Act. As to point A, that issue -- as discussed above -- is a legal issue for the district court, which referred only the Bail Reform Act inquiry to the undersigned. As to point B, the government argued that Mr. Chong's behavior on release previously (mostly in the form of alerts regarding the electronic monitoring) demonstrated that he was not a good candidate for release, and it suggested that -- despite the recommendation articulated in open court by Pretrial Services -- the supervising Pretrial Services officer would agree with the government if he were able to come to court. In response to the court's question, the government confirmed that the prior alerts never served as a basis for revocation of the terms of release previously. The Pretrial Services officer in court (a supervisor) then confirmed that Pretrial Services fully supported release without the electronic monitoring. (Also, the record shows that even before the competency assessment, Pretrial Services asked that the monitoring condition be released.)

As part of its inquiry under the Bail Reform Act, the court also read all of the competency assessments to be sure that they did not alter Judge Laporte's previous analysis under the Bail Reform Act that Mr. Chong was a good candidate for release. They did not alter the assessment (and the government did not argue that they did).

In sum, the undersigned concluded that -- under a straight application of the Bail Reform Act -- release is appropriate under the conditions set forth in the attached bond form. Under the Act, a

---

[1] Judge Laporte currently is unavailable to conduct bond reviews.

CR 10-0565 JSW (LB)

2

court must order the release of a defendant on a personal recognizance or unsecured appearance bond unless release on a bond alone will not reasonably assure the defendant's appearance or the safety of the community or another person. *See* 18 U.S.C. § 3142(b).  If a court determines that release on a bond alone presents a risk of nonappearance or a danger to any person or the community, then the court must choose "the least restrictive further condition[s]" that will assure the defendant's appearance and the safety of the community or another person. *See id.* § 3142(c) (listing thirteen possible conditions of release and empowering the court to impose "any other condition that is reasonably necessary" to assure the defendant's appearance and the community's safety).  The conditions on the attached bond form are the conditions that are reasonably necessary to assure Mr. Chong's appearance and the community's safety.

**IT IS SO ORDERED.**

Dated: March 14, 2012

_____
LAUREL BEELER
United States Magistrate Judge

| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | ORDER SETTING CONDITONS OF RELEASE AND APPEARNCE BOND | DATE 3/14/2013 | CASE NUMBER JSW CR 10-0565-09 |
|---|---|---|---|

| NAME OF DEFENDANT Kan Wen Chong | ADDRESS OF DEFENDANT | TELEPHONE NUMBER |
|---|---|---|

| NAME OF SURETY Antonio Lee | RELATIONSHIP TO DEFENDANT "Friend" | ADDRESS OF SURETY 945 Taraval #189 S.F. CA | TELEPHONE NUMBER |
|---|---|---|---|

| NAME OF CUSTODIAN | RELATIONSHIP TO DEFENDANT | ADDRESS OF CUSTODIAN | TELEPHONE NUMBER |
|---|---|---|---|

| AMOUNT OF BOND $150,000 | ☒ UNSECURED | ☒ SECURED BY $5,000 | ☐ DEPOSIT RECEIVED RECEIVED FROM: | OTHER SECURITY POSTED (already posted) TO BE POSTED BY: | TIME/DATE OF NEXT APPEARANCE | COURTROOM/JUDGE |
|---|---|---|---|---|---|---|

## CONDITIONS OF RELEASE AND APPEARANCE

Defendant is subject to each condition checked.

☒ Defendant shall appear at all proceedings as ordered by the Court and shall surrender for service of any sentence imposed.
☒ Defendant shall not commit any federal, state, or local crime.
☒ Defendant shall not harass, threaten, intimidate, injure, tamper with, or retaliate against any witness, victim, informant, juror, or officer of the Court, or obstruct any criminal investigation. See 18 U.S.C. 1503, 1510, 1512, and 1513, on reverse side.
☒ Defendant shall not travel outside the Northern District of California, that is, these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, San Francisco, San Mateo, Santa Clara, Santa Cruz, and Sonoma. See map on reverse side.
☒ Defendant shall report in person immediately upon release and thereafter as directed to Pretrial Services in _San Francisco_. See addresses and telephone numbers on reverse side.
☒ Defendant shall surrender all passports and visas to Pretrial Services by _____ and shall not apply for any passports or other travel documents.
☒ Defendant shall not possess any firearm, destructive device, or other dangerous weapon.
☐ Defendant shall remain in the custody of custodian _____ at _____, who agrees to supervise him/her and to report any violation of a release condition to Pretrial Services. A custodian who fails to do so may be prosecuted for contempt.
☒ Defendant shall participate in (drug) (alcohol) (mental health) counseling, and submit to (drug) (alcohol) testing, as directed by Pretrial Services. _including Psychological evaluation._
☒ Defendant shall not use alcohol to excess and shall not use or possess any narcotic or other controlled substance without a legal prescription.
☐ The Defendant shall maintain current verifiable employment, or if unemployed, the defendant shall seek employment or commence an educational program as directed by Pretrial Services.
☐ Defendant shall submit to a warrantless search of his/her person, place of residence and vehicle at the direction of Pretrial Services.
☒ Defendant shall have no contact with any co-defendant out of the presence of counsel. _except for defendant's wife._
☐ Defendant shall not change residence without prior approval of Pretrial Services.
☐ Defendant shall comply with the following curfew: _____ to _____.
☐ Defendant shall be subject to electronic or voice track monitoring. Defendant may leave home for the purpose of _____
☐ Defendant must ☐ reside in Halfway House _____  ☐ participate in Residential Treatment _____
☐ The following conditions also apply:

\* Must take medication

Defendant shall contribute to the cost of services provided by Pretrial Services as directed by Pretrial Services.

## CONSEQUENCES OF DEFENDANT'S FAILURE TO OBEY CONDITIONS OF RELEASE

Payment of the full amount of this bond shall be due forthwith, and all cash or property posted to secure it shall be forfeited. Judgment may be entered and executed against defendant and all sureties jointly and severally.
An arrest warrant for defendant shall issue immediately, and defendant may be detained without bail for the rest of the proceedings.
Defendant shall be subject to consecutive sentences and fines for failure to appear and/or for committing an offense while on release. See 18 U.S.C. 3146 and 3147, on reverse side.
We, the undersigned, have read and understand the terms of this bond and acknowledge that we are bound by it until duly exonerated.

| SIGNATURE OF DEFENDANT X | SIGNATURE(S) OF SURETY(ies) X |
|---|---|
| SIGNATURE OF CUSTODIAN X | SIGNATURE OF MAGISTRATE JUDGE X     DATE |

THIS ORDER AUTHORIZES THE MARSHAL TO RELEASE DEFENDANT FROM CUSTODY. ▶

**1-CLERK OF COURT-WHITE COPY**

# APPEARANCE BOND
## ADDITIONAL SURETY

USA v. Ken Wen Chong         CR. # 10-0565-09 JSW

Name: Xiu Fen Ye
Address/Phone #: 3982 Alemany Blvd. San Francisco, CA
What is being posted:
Signature: [signature]

Name: Xing Liu Xian
Address/Phone #: 438 Broadway Street, #28 San Francisco, CA
What is being posted:
Signature:

Name:
Address/Phone #:
What is being posted:
Signature:

Name:
Address/Phone #:
What is being posted:
Signature:

Name:
Address/Phone #:
What is being posted:
Signature:

Name:
Address/Phone #:
What is being posted:
Signature:

Name:
Address/Phone #:
What is being posted:
Signature: